IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : CASE NO.: 1:06-CR-30 (WLS) |
| MARCUS OLIVER, | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

Before the Court is Defendant Marcus Oliver's motion styled as "Motion Pursuant to 5G1.3." Oliver claims the Bureau of Prisons unlawfully changed his jail credit from 520 days to 340 days. He moves the Court for an Order releasing him to a halfway house on August 12, 2013 and terminating his sentence on September 12, 2013. In support of this relief, Oliver provides two printouts from the BOP's computer system, which reflect that the BOP adjusted the date he began receiving jail credit from December 20, 2005, to June 18, 2006.[1]

As an initial matter, Oliver's motion is not legally cognizable under its cited authority. Except in limited circumstances, the United States Sentencing Guidelines guide the imposition of sentence, not the adjustment of one. *See* 18 U.S.C. § 3582(c). Nevertheless, federal courts "have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Because Oliver apparently seeks relief from the BOP's sentence computation, the appropriate remedy is a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Hajduk v. United States*, 764 F.2d 795, 796 (11th Cir. 1985); *Dennis v. U.S. Bureau of Prisons*, 325 F. App'x 744, 747 (11th Cir. 2009). The Court therefore

---

[1] The record suggests the BOP adjusted Oliver's jail credit after it received notice that part of the time he spent in custody prior to the imposition of his federal sentence was credited toward a state sentence arising out of a probation violation. *See* 18 U.S.C. § 3585 ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence.").

1

construes Oliver's motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.

This Court requires prisoners seeking habeas relief to file their petitions using standard forms. Therefore, the Clerk of the Court is **ORDERED** to mail to Oliver AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.

Additionally, "prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements." *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004). The exhaustion requirement under § 2241 is jurisdictional. *Winck v. England*, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003). If Oliver did not exhaust his administrative remedies, the Court lacks jurisdiction and must dismiss the case. *Nichols v. Warden, FCC Coleman-Low*, 458 F. App'x 844, 845 (11th Cir. 2012). The BOP provides a four-step grievance procedure for prisoner complaints. 28 C.F.R. §§ 542.10–542.16. In the process of completing his habeas forum, Oliver must demonstrate he followed this procedure.

Finally, under *Castro v. United States*, 540 U.S. 375, 383 (2003), the Court **NOTICES** Oliver as follows:

- The Court intends to recharacterize Oliver's Motion Pursuant to 5G1.3 as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.
- After the recharacterization, any subsequent § 2241 petition could be dismissed as an abuse of the writ.
- Oliver may withdraw his motion or amend it, using the proper form, to contain all the § 2241 claims he believes he has.

If Oliver does not want his motion treated as a petition for a writ of habeas corpus, he must withdraw the motion or object within **twenty-one (21) days** from the entry of this Order. Otherwise, within **twenty-one (21) days** from the entry of this Order, Oliver must complete and return to this Court the completed provided habeas form. Failure to comply with this Order may result in the dismissal of his request for habeas relief. Additionally, if Oliver does not withdraw his motion or object to the

recharacterization, he is **ORDERED**, within **twenty-one (21) days** from the entry of this Order, to provide proof he exhausted his administrative remedies.

The Clerk of the Court is **ORDERED** to mail to Oliver AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.

**SO ORDERED**, this  14th  day of August 2013.

                              **/s/ W. Louis Sands**
                              **THE HONORABLE W. LOUIS SANDS,**
                               **UNITED STATES DISTRICT COURT**